[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Lawrence Harris has filed this petition for writ of habeas corpus alleging that he is being illegally incarcerated in that he was deprived of effective assistance of legal counsel at the trial that resulted in his conviction on charges of robbery in the first degree and larceny in the third degree. Specifically, the petitioner asserts that his trial attorney, the late Wayne Sadick, failed to investigate and pursue petitioner's claim that another incarcerated prisoner, William Herman Green, had perpetrated the bank robbery for which the petitioner was CT Page 4089 convicted.
The petitioner testified that a photograph taken by a bank surveillance camera during the robbery was not of him but of Green, an acquaintance who had lived on the same street as petitioner's mother.
The petitioner testified that he told Attorney Sadick that Green was not in the Army in Germany, as was testified to at trial, but was an incarcerated prisoner whom petitioner had encountered during pretrial detention.
The petitioner claimed that, if called as a witness, William Herman Green would have been shown to have resembled the surveillance picture much more closely than did the petitioner and would have been identified as the perpetrator by eyewitnesses to the robbery. Mr. Green was called as a witness at the habeas hearing. He is taller than the petitioner by at least three inches. Though he wears a beard in the same style, the shape of his face and his facial features are so different from those of the petitioner that it does not appear to the court that the two men could ever be mistaken for each other. The petitioner did not call as a witness any of the eyewitnesses to the robbery, or demonstrate that any eyewitnesses, confronted with both men, shared his view that Green more closely resembled the perpetrator. Green, after having been advised of his rights pursuant to the Fifth Amendment of the Constitution of the United States, testified that he had had nothing to do with the bank robbery at issue.
In order to prevail on a claim of ineffective assistance of counsel, the petitioner would have to demonstrate not only that his representation at trial fell below the standard for counsel representing criminal defendants all the time, but also that the inadequacy of counsel affected the outcome. Strickland v. Washington.
Even if counsel were deemed to have been ineffective in failing to investigate the petitioner's theory that William Green had committed the bank robbery, the petitioner has failed to show that the failure to follow up with an investigation was prejudicial, that is, that counsel's error "so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." Lockhart v. Fretwell, ___ U.S. ___, 113 S.Ct. 838, 842, CT Page 4090 ___ L.Ed.2d ___ (1993), citing Nix v. Whiteside, 475 U.S. 157, 175
(1986). The United States Supreme Court in Lockhart has thus held that a habeas petitioner alleging ineffective assistance of counsel must show 1) that the assistance was outside the range of competence for defense counsel, 2) that the deficiency affected the outcome, and that there is a reasonable probability that, but for counsel's errors, the results of the proceeding would have been different Strickland v. Washington, 466 U.S. 668, 694
(1984), and 3) the result of the proceeding was fundamentally unfair and unreliable.
If investigation of the whereabouts of William Green had been capable of producing a witness who looked so much more like the surveillance photograph that the eyewitnesses' identification of petitioner would have been shown to be unreliable, the above standard would very likely be met. No such showing has been made. William Green's resemblance to the petitioner as he appeared at the time of the surveillance photograph is minimal. No eyewitness who identified the petitioner as the perpetrator testified that seeing Geen at trial would have shaken the identification of the petitioner.
Accordingly, the petitioner has not demonstrated that Attorney Sadick's failure to pursue this avenue of defense caused prejudice within the meaning of Strickland, as interpreted in Lockhart.
The petition is dismissed.
Beverly J. Hodgson Judge of the Superior Court